**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No.

**SHAQUIESHA CUBBY,**
*individually and on behalf of*
*all those similarly situated,*

**Plaintiff,**

**v.**

**GLOBAL SOLUTIONS BIZ, LLC,**

**Defendant.**
_______________________________________/

# COMPLAINT

Plaintiff Shaquiesha Cubby ("Plaintiff"), *individually and on behalf of all those similarly situated,* sues Defendant Global Solutions Biz, LLC ("Defendant"), for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Pinellas County, Florida.

3. Venue of this action is proper in this Court because the cause of action alleged below arose in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Pinellas County, Florida.

5. Defendant is a limited liability company, with its principal place of business located in Atlanta, Georgia.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

7. On or about October 15, 2025, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9. Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## The Violative Conduct

14. On or about October 15, 2025, Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "First/Collection Communication").

15. A screenshot of the First Collection Communication is attached hereto as "Exhibit A."

16. On or about October 22, 2025 (Labeled as "Wednesday 1:54 PM"), Defendant sent Plaintiff another collection communication (the "Second Collection Communication").

17. A screenshot of the Second Collection Communication is attached hereto as "Exhibit A."

18. On or about October 27, 2025 (Labeled as "Today 12:29 PM"), Defendant sent Plaintiff another collection communication (the "Third Collection Communication").

19. A screenshot of the Third Collection Communication is attached hereto as "Exhibit A."

20. The First Collection Communication, Second Collection Communication and Third Collection Communication, are collectively referred to as the "Collection Communications."

21. In the Collection Communications, Defendant failed to identify themselves in writing as a debt collector.

## CLASS ALLEGATIONS

22. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined Class.

### PROPOSED CLASS

23. The **"Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the

twelve (12) months preceding the filing of this Class Action Complaint [6] whereby Defendant failed to comply with the disclosure requirements of the FDCPA.

24. Defendant and its employees or agents are excluded from the Class.

25. Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

## Numerosity

26. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after the consumer requested Defendant to cease communication with the consumer. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the Class in

an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said collection communications, violated the FDCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA are accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

30. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(10) and 1692e(11)
***(For Plaintiff and the Class)***

34. Plaintiff, individually and on behalf of the Class, incorporates the above-referenced paragraphs of this Complaint as fully set forth herein.

35. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11) (emphasis added).

36. As set forth above, the Collection Communication(s) were/ was misleading, as Defendant failed to identify themselves as a debt collector.

37. Accordingly, Defendant violated 15 U.S.C. § 1692e(11), by and through the Collection Communications.

## PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, respectfully requests this Court to enter a judgment against Defendant, awarding the following relief:

(a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692e(11);

(d) An injunction requiring Defendant to comply with 15 U.S.C. § 1692e(11);

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: October 13, 2026

Respectfully Submitted,

/s/ Meroshah Khan .

**MEROSHAH KHAN, ESQ.**
Florida Bar No.: 1079833
E-mail: meroshah@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 754-315-1606

*COUNSEL FOR PLAINTIFF*

# Exhibit A



12:45
14
Maybe Spam: +1 (888) 701-8...
Text Message • SMS
Wed, Oct 15 at 11:13 AM
Hi this is Joshua White with GSB Mediation Dept. This message is for SHAQUIESHA CUBBY it is imperative that you call me within an hour of this message regarding case # [redacted] Please call (888) 701-8036. Thank You.
Wednesday 1:54 PM
Hi this is Joshua White with GSB Mediation Dept. This message is for SHAQUIESHA CUBBY it is imperative that you call me within an hour of this message regarding case # [redacted] Please call (888) 701-8036. Thank You.
Today 12:29 PM
We are pleased to inform SHAQUIESHA CUBBY that we have successfully negotiated a settlement arrangement on your behalf with MEHER JEWELERS in the amount of $679.16. Please be advised that this special settlement offer is valid until October 31, 2025. To accept this offer no call is needed. Please visit https://www.globalsolutionbiz.com your case # [redacted] & PIN [redacted] is all that's needed.
If you did not expect this message from an unknown sender, it may be spam.